XI GAO, Petitioner,

v.

Alberto R. GONZALES, Attorney General and Board of Immigration Appeals, Respondents.

No. 06–3174–ag.

United States Court of Appeals, Second Circuit.

Aug. 8, 2007.

Henry Zhang, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney; Stephen H. McClain, Assistant United States Attorney, Atlanta, GA, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Xi Gao, a native and citizen of the People's Republic of China, seeks review of a June 8, 2006 order of the BIA affirming the December 23, 2004 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Gao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xi Gao a.k.a. Qian Gao*, No. A95 369 701 (B.I.A. June 8, 2006), *aff'g* No. A95 369 701 (Immig. Ct. N.Y. City Dec. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Here, substantial evidence supports the BIA's and IJ's adverse credibility determinations. The IJ accurately observed that Gao testified that around five to six hundred people attended a September 1998 demonstration—which she helped to organize, and which led, in part, to her alleged persecution by the Chinese police—and

that Gao had indicated that there were no problems at the demonstration. In contrast, Gao stated in an article that she purportedly wrote that around one thousand demonstrators were present that day, more than one thousand troops "crashed" the demonstration, and more than twenty arrests were made. When invited to explain these discrepant accounts, Gao stated that she thought she was only asked about what happened to her, so she "omitted" what happened to the others. The IJ appropriately declined to credit this explanation, when he had specifically asked her "if there were any problems at the demonstration," and Gao still replied, "no." *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Because this inconsistency was material to Gao's claim, it substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

Likewise, in finding Gao not credible, the IJ reasonably relied on an inconsistency between her testimony that she disobeyed a police order to stop driving her bus at the October 1998 demonstration and her statement in her asylum application that the police had ordered her to move the bus through the demonstrators, but she refused. This discrepancy also supported the IJ's adverse credibility finding because it involved the crux of her claim that she had engaged in political activities that led to her persecution by Chinese authorities. *See id.* Further, the IJ reasonably rejected Gao's explanations for this discrepancy when Gao altered her testimony to conform with her written application. *See Majidi*, 430 F.3d at 80–81.

Additionally, the record supports the IJ's demeanor finding; specifically, that Gao was hesitant in confirming that she

was actually present at the September 1998 demonstration. Because a fact-finder who assesses testimony together with demeanor is in the best position to discern more accurately the impression conveyed by the witness, the IJ reasonably found that Gao's demeanor undermined her credibility. *See Zhou Yun Zhang,* 386 F.3d at 73.

Moreover, the IJ appropriately observed that Gao had given confusing and inconsistent answers regarding the dates of her interrogations by the police and visits to a psychiatric doctor. While these inconsistencies may have been minor, the IJ reasonably relied on them in finding Gao not credible, when the veracity of her testimony was already in question. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (emphasizing that the cumulative effect of discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, may nevertheless be deemed consequential by the fact-finder).

In light of the IJ's proper adverse credibility finding, the denial of asylum was supported by substantial evidence. Because the only evidence of a threat to Gao's life or freedom or the likelihood of torture depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Accordingly, we do not reach the IJ's alternative burden of proof finding.

Lastly, there is no merit to Gao's contention that the IJ deprived her of due process where the record reflects that she had ample opportunity to present her claims and to explain inconsistencies in the record. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (citing *Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir.2004) ("Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.")).

For the foregoing reasons, the petition for review is DENIED.